# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:15-cv-00183-HDM-VPC

**ORDER**

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 12), respondents' motion to dismiss (ECF No. 15), petitioner's opposition (ECF No. 17), and respondents' reply (ECF No. 18). The court finds that this action is untimely, and the court grants respondents' motion.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R.

13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner challenges his custody pursuant to the judgment of conviction of the Second Judicial District Court of the State of Nevada, case number CR97-2077. Petitioner filed a habeas corpus petition challenging the same judgment of conviction in Voss v. Cox, case number 3:11-cv-00223-LRH-WGC ("Voss I"). The petition in that action was partially unexhausted, and petitioner dismissed the action. Respondents' exhibits filed in Voss I are more extensive than respondents' exhibits filed in this action. When necessary, the court will cite to exhibits filed in Voss I as such, and the electronic case filing docket numbers in those citations will be for that action. Furthermore, respondents' exhibits in Voss I are designated numerically, and respondents' exhibits in this action are designated alphabetically.[1]

In CR97-2077, on July 8, 1998, petitioner was convicted of first-degree murder with the use of a deadly weapon and first-degree kidnaping. Voss I, Ex. 57 (ECF No. 29-2). Petitioner appealed.

---

[1] Petitioner has attached extensive exhibits to his amended petition (ECF No. 12). However, they and the amended petition were docketed into the electronic filing system all as one document three hundred twenty-nine (329) pages long. Citation to petitioner's exhibits would be unwieldy and, in light of the exhibits filed in Voss I, unnecessary.

On May 24, 2000, the Nevada Supreme Court held that evidence was insufficient for the deadly-weapon enhancement, and it affirmed the judgment of conviction on all other grounds. Voss I, Ex. 71 (ECF No. 29-16). The state district court entered its amended judgment of conviction on July 13, 2000. Voss I, Ex. 76 (ECF No. 29-21). The time to petition the Supreme Court for a writ of certiorari expired on August 22, 2000, based upon the date of the Nevada Supreme Court's decision, not the entry of the amended judgment.[2]

Forty-eight (48) days later, on October 9, 2000, petitioner filed his first post-conviction habeas corpus petition in state district court, case number CR97P2077. Voss I, Ex. 77 (ECF No. 29-22). The state district court denied the petition on June 5, 2009. Ex. B (ECF No. 16-2). Petitioner appealed. The Nevada Supreme Court decided the appeal on September 29, 2010. Ex. C (ECF No. 16-3). Remittitur issued on March 21, 2011. Ex. D (ECF No. 16-4). The first state post-conviction habeas corpus petition tolled the one-year period under 28 U.S.C. § 2244(d)(2) while it was pending.

Thirty-one (31) days later, on April 21, 2011, petitioner filed in the state district court a motion to correct clerical mistakes, to correct or modify verdict and judgment, or vacate judgment. Ex. G (ECF No. 16-7). The state district court denied the petition. Petitioner appealed. The Nevada Supreme Court affirmed on July 23, 2013, and remittitur issued on December 17, 2013. Ex. O (ECF No. 16-15). This was a petition for other collateral review in state court that tolled the one-year period under 28 U.S.C. § 2244(d)(2) while it was pending.

The one-year period expired on September 29, 2014, taking into account the tolling while the first state habeas corpus petition and the motion for sentencing modification were pending.

Petitioner has pursued other petitions that do not affect the one-year period. The petition in Voss I was mailed to the court on February 28, 2011, but federal habeas corpus petitions do not qualify for tolling under 28 U.S.C. § 2244(d)(2). Walker, 533 U.S. at 181-82. Petitioner filed a

---

[2] A corrected amended judgment of conviction was entered on January 30, 2004. Voss I, Ex. 148 (ECF No. 36-8). It removed a superfluous citation to the deadly-weapon enhancement statute, Nev. Rev. Stat. § 193.165, and it did nothing else. The corrected amendment judgment of conviction has no effect upon the timeliness of this action.

petition for a writ of mandamus in the Nevada Supreme Court on October 23, 2012, which was denied, and a notice in lieu of remittitur issued on December 13, 2012. Ex. K (ECF No. 16-11), Ex. L (ECF No. 16-12). Even if the mandamus petition was eligible for tolling, it was pending while the sentence-modification was pending, and thus the one-year period already was tolled. Petitioner has pursued other post-conviction habeas corpus petitions in the state courts, but all have been ruled to be untimely under Nev. Rev. Stat. § 34.726(1), and they are ineligible for tolling. Pace, 544 U.S. at 417.

The court received petitioner's original petition (ECF No. 5) on March 27, 2015. The court directed petitioner to file an amended petition. Petitioner mailed the amended petition (ECF No. 12) on July 16, 2015. Both are untimely under 28 U.S.C. § 2244(d)(1)(A).

Petitioner argues, both in his opposition (ECF No. 17) and in a request for judicial notice filed recently (ECF No. 25), that a state-created impediment has prevented him from pursuing ground 2 of the amended petition until recently, and thus the one-year period should not have started until that impediment was removed. See 28 U.S.C. § 2244(d)(1)(B). The court disagrees. Petitioner has been able to litigate, and has been litigating, ever since his judgment of conviction became final in 2000. This includes the federal habeas corpus petition in Voss I. Petitioner also has challenged the judgment of conviction in a related criminal case out of the Second Judicial District, CR96-1581, in both state court and federal court, and he has pursued other civil actions in this court. The state has not impeded petitioner from filing anything in either state court or federal court.

Petitioner's argument is that the state courts treated a ground similar to ground 2 incorrectly in the first state-habeas corpus petition, and that only recently have the state courts recognized the error. This is not an argument that a state-created impediment prevented petitioner from filing a federal habeas corpus petition, despite petitioner styling it as such. Effectively, it is an argument for equitable tolling with respect to ground 2, and only ground 2, but the court still is not persuaded.

Ground 2 contains two claims. First, petitioner argues that his convictions for first-degree murder and first-degree kidnaping violate the Double Jeopardy Clause of the Fifth Amendment because, prior to being charged with those crimes, a judge in another case imposed a harsh sentence for other crimes based upon a suspicion that petitioner had committed them. Second, petitioner

argues that trial counsel provided ineffective assistance because counsel did not move to dismiss the charges based upon the double-jeopardy violation.

Petitioner has been convicted in two cases of the Second Judicial District Court involving the same victim, Beverly Baxter. In CR96-1581, petitioner was convicted of burglary, forgery, uttering a forged instrument, and attempted theft. Petitioner had tried to deposit a check from a third party payable to Baxter into Baxter's bank account. The check was genuine, but petitioner had forged Baxter's endorsement. Then petitioner had tried to present a check from Baxter payable to petitioner to take most of the money from the first check. Baxter had written the second check but left the payee line blank, and petitioner had forged his name onto the payee line. Baxter had disappeared at this time. From the start of that case through at least entry of the judgment of conviction, nobody but petitioner knew what had happened to Baxter. At sentencing in CR96-1581, the judge stated that he believed that petitioner had killed Baxter, and the judge imposed consecutive sentences amounting to 128 to 360 months in prison. Petitioner pursed a state post-conviction habeas corpus petition, case number CR96P1581. On August 9, 2001, the state district court determined that petitioner was entitled to a new sentencing hearing. Request for Judicial Notice, Appendix 2 (ECF No. 25, at 19-20).

After petitioner was convicted in CR96-1581, Baxter's body was found. In CR97-2077, petitioner was charged with crimes related to her death, ultimately leading to convictions for first-degree murder (with the deadly-weapon enhancement removed on direct appeal) and first-degree kidnaping. The sentences in CR97-2077 run concurrently with each other and with the sentences imposed in CR96-1581. Voss I, Ex. 148 (ECF No. 36-8). Petitioner filed a post-conviction habeas corpus petition in the state district court, case number CR97P2077, as described above. The state district court appointed counsel.

Everything that the court now describes occurred after petitioner already had received relief in CR96P1581. On January 31, 2003, counsel filed a supplemental petition. Ground 6 of that supplement contained one of the claims now alleged in ground 2 of the current amended federal petition. In the title of the ground, petitioner claimed that counsel should have moved to dismiss the murder count and the kidnaping count based upon the sentence imposed in CR96-1581. The body

of the ground related some procedural history, but it did not contain any allegations regarding ineffective assistance of counsel. Voss I, Ex. 93, at 22-23 (Voss I, ECF No. 30-13, at 23-24). The state district court determined that supplemental state ground 6 was a claim of a double-jeopardy violation, and that it was barred by Nev. Rev. Stat. § 34.810 because petitioner could have raised it on direct appeal and did not show good cause to excuse the omission. Voss I, Ex. 208, at 11 (ECF No. 40-10, at 12). On appeal from the denial of the petition, petitioner argued that the state district court treated supplemental state ground 6 incorrectly, and that it should have been a claim of ineffective assistance of counsel. Voss I, Ex. 222, at 29-33 (ECF No. 41-2, at 31-35).[3] The Nevada Supreme Court summarily affirmed the denial of the petition for the reasons given by the district court. Voss I, Ex. 237 (ECF No. 41-18).

After the conclusion of the first post-conviction state habeas corpus petition, petitioner commenced Voss I. The amended petition in Voss I had two grounds relevant to ground 2 in the current amended petition. Ground 1(r) was the double-jeopardy claim itself. Ground 2(i) was the claim that counsel provided ineffective-assistance for not moving to dismiss based upon the double-jeopardy violation. Voss I, Amended Petition, at 3(A-E)-3(A-F), 5(f)-5(h) (ECF No. 10, at 33-34, 41-43). Respondents in Voss I filed a motion to dismiss that argued that ground 1(r). Voss I, Motion to Dismiss, at 12-13 (ECF No. 25). Respondents in Voss I argued nothing regarding ground 2(i). The court agreed that ground 1(r) and other claims were not exhausted. Voss I, Order, at 2 (ECF No. 46).[4] Petitioner elected to dismiss Voss I to return to state court.

Petitioner filed multiple petitions in the state courts after the dismissal of Voss I. What is relevant to the motion to dismiss is a decision of the Nevada Court of Appeals on appeal from the dismissal of a post-conviction habeas corpus petition as untimely. Petitioner argued that cause and prejudice existed to overcome the state-law procedural bars because in CR97P2077 the state district

---

[3]This was a proper-person brief. The Nevada Supreme Court allowed the withdrawal of counsel, and it stated that it would consider the proper-person brief. Voss I, Ex. 223 (ECF No. 41-4).

[4]Other grounds in Voss I also were not exhausted, but they are not relevant to the issue currently before the court.

court and the Nevada Supreme Court treated supplemental state ground 6 incorrectly. On June 21, 2016, the Nevada Court of Appeals first held that petitioner could have raised the issue on the appeal from the denial of his first post-conviction habeas corpus petition, but that he did not. On August 21, 2016, in denying rehearing and issuing a corrected order affirming the district court, the Nevada Court of Appeals noted that petitioner in fact did make that argument on appeal from the denial of his first post-conviction habeas corpus petition. The Nevada Supreme Court still held that petitioner had failed to demonstrate cause and prejudice to overcome the state-law procedural bars. Request for Judicial Notice, Appendix 1 (ECF No. 25, at 9-12).

Petitioner argues that if the court had ruled in Voss I that either ground 1(r) or ground 2(i) were exhausted, then he would not have elected to return to the state court. Opposition, at 14 (ECF No. 17, at 15). Petitioner also argues that the decision of the Nevada Court of Appeals has freed him to litigate ground 2 in the current amended federal petition. Request for Judicial Notice, at 5-6 (ECF No. 25). However, what the decision of the Nevada Court of Appeals really demonstrates is that the respondents in Voss I were correct in their evaluation of the grounds. Respondents in Voss I argued, and the court ruled, that ground 1(r) of Voss I was unexhausted. That was correct because at that time petitioner had not presented a double-jeopardy claim to the state courts. Respondents did not make any argument regarding ground 2(i) of Voss I, and the court made no ruling regarding ground 2(i) of Voss I. Even though the state courts did not rule upon state supplemental ground 6 as alleged, petitioner fairly presented the claim to the state courts, and that was all that 28 U.S.C. § 2254(b) required. The erroneous treatment of supplemental state ground 6 never did prevent petitioner from litigating the same claim—ineffective assistance of counsel for not raising a double-jeopardy objection—in this court. If petitioner wanted to dismiss the unexhausted claims in ground 1 of Voss I, he could have done so, and the case would have proceeded to the merits on the other claims, including ground 2(i).

Petitioner has not demonstrated any extraordinary circumstances to warrant equitable tolling for ground 2. Ground 1(r) of Voss I was not exhausted, and the court never would have reached its merits unless petitioner exhausted the ground. Ground 2(i) of Voss I was exhausted, and the court would have ruled on its merits if petitioner had chosen to proceed only on the exhausted claims.

Petitioner chose otherwise, and that was a choice that, by its very nature, was not beyond his control.

In any event, petitioner's request for judicial notice (ECF No. 25) shows that the entire argument is moot. In CR96P1581, he received relief on the sentence in the underlying criminal action, <u>before</u> he presented supplemental state ground 6 in CR97P2077. Ever since that time, he has been arguing in a challenge to the judgment in CR97-2077 a claim (1) that he needed to raise in a challenge to the judgment in CR96-1581, (2) that he actually did raise in CR96P1581, and (3) for which he had received relief. If the court were to rule that equitable tolling for ground 2 was warranted—and ground 2 would be all that survived the motion to dismiss (ECF No. 15)—then the court still would be obligated to dismiss the action because petitioner already has received the relief to which he was entitled.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

Petitioner has filed a motion for leave to file supplemental response (ECF No. 19). The proposed supplemental response is not of any assistance in deciding the motion to dismiss, and the court denied petitioner's motion.

Petitioner has filed a motion for leave of court to exceed page limits (ECF No. 22). Petitioner wants to file an oversized motion for summary judgment. This motion and the proposed motion for summary judgment are moot because the court is dismissing action for untimeliness.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 15) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that petitioner's motion for leave to file supplemental response (ECF No. 19) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for leave of court to exceed page limits (ECF No. 22) is **DENIED** as moot.

/ / /

1  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

2  DATED: September 21, 2016.

_____
HOWARD D. MCKIBBEN
United States District Judge