# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN FLOYD VOSS,

    Petitioner,

vs.

ISIDRO BACA, et al.,

    Respondents.

Case No. 3:15-cv-00183-HDM-VPC

**ORDER**

    The court dismissed this action because it was untimely. Order (ECF No. 26). Before the court are petitioner's motion for reconsideration (ECF No. 28), respondents' opposition (ECF No. 29), and petitioner's reply (ECF No. 30). The court is not persuaded, and the court denies petitioner's motion.

    Petitioner first argues that the court failed to toll the period of limitations pursuant to 28 U.S.C. § 2244(d)(2) during the time that a post-conviction habeas corpus petition was pending in state court, from May 1, 2013, through September 11, 2015. Petitioner is wrong. The state district court unequivocally held that that petition was untimely under Nev. Rev. Stat. § 34.726(1). Petitioner's Ex. 32 (ECF No. 28, at 44). The Nevada Court of Appeals affirmed for the same reason. Petitioner's Ex. 68 (ECF No. 28, at 107). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

    Second, with regard to the court's note on ground 2, petitioner argues that he has not received the relief that was ordered in state court case CR96-1581. Petitioner is not challenging the

validity of that judgment of conviction in this case. He is challenging the validity of the judgment of conviction in state court case 97-2077. If he did not receive the relief ordered in CR96-1581, then he needs to file the appropriate motion in that action.

Petitioner does not address the court's primary ruling that equitable tolling was not warranted with respect to ground 2 because petitioner had not demonstrated any extraordinary circumstances that kept him from filing a timely petition.

Third, petitioner argues that the court should have considered whether actual innocence allows him to bypass the time bar of § 2244(d). Petitioner made no such argument in opposition to the motion to dismiss, and he cannot now raise a new argument in a motion for reconsideration. The court is not petitioner's attorney. It was petitioner's obligation, not the court's obligation, to demonstrate actual innocence.

Fourth, Petitioner argues that the court failed to rule upon his motion for a stay and abeyance in Voss v. Cox, case number 3:11-cv-00223-LRH-WGC ("Voss I"). Petitioner did not file a motion for stay and abeyance in Voss I. Petitioner filed a motion for relief from judgment, and he attached to that motion a proposed motion for stay and abeyance. In Voss I's motion for relief from judgment, he argued that the court failed to advise him about his choices regarding the unexhausted grounds, which the court rejected because the court is under no obligation to so advise petitioner. To the extent that petitioner repeats the arguments that the court rejected in Voss I, the court rejects them now for the same reason. The motion for stay and abeyance never was filed because the court denied petitioner relief from the judgment in Voss I.

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (ECF No. 28) is **DENIED**.

///
///
///
///

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: October 28, 2016.

_Howard D. McKibben_
HOWARD D. MCKIBBEN
United States District Judge